2 So.2d 313

**BATES v. DELONY.**

**8 Div. 95.**

Supreme Court of Alabama.

May 15, 1941.

W. L. Chenault, of Russellville, for appellant.

F. E. Throckmorton, of Tuscumbia, for appellee.

BOULDIN, Justice.

Appellant filed a statutory bill to quiet title to lands. Code of 1923, §§ 9905, 9907, Code 1940, Tit. 7, §§ 1109, 1111.

Respondent, by answer, set up title by warranty deed from complainant and her mother, Marietta Marshall, of date March 4, 1921. On final hearing respondent was decreed an absolute title.

The lands in suit, a tract of 36 and a fraction acres of farm lands, were prior to 1914, owned by Bettie Marshall. On December 4, 1914, Bettie Marshall sold and conveyed same by deed to her daughter, Marietta Marshall and Cornelia B. Ricks, this complainant, daughter of Marietta Marshall.

The claim of a complete title in respondent rests upon the following line of evidence:

Mortgage from complainant to respondent in 1919.

Mortgage from complainant to Redd Bros., Inc., in 1920, taken over by complainant.

Two mortgages from Marietta Marshall to respondent, both in 1920.

A warranty deed from Cornelia B. Ricks, and Marietta Marshall to respondent of date, March 4, 1921. This deed recites, as its consideration, the indebtedness of the grantors to grantees.

All these instruments, duly acknowledged and promptly recorded, were in evidence.

Without question the grantors were permitted to remain in possession from year to year until the death of Marietta Marshall some years ago, and thereafter in possession of this complainant.

Respondent's evidence is to the effect that this possession was held as tenants. It further appears, however, that the grantors, with respondent's knowledge and approval, continued to assess and pay taxes in their own names until about 1931. Respondent has assessed and paid the taxes since 1932. Payments of certain sums from year to year are evidenced by receipts, some reciting payments on rents, some on account.

For a long time, it appears, the grantors were to have the privilege of repurchase, or of redemption, as the evidence may be interpreted. In 1938, a rent note was taken. Payment not being forthcoming for rent stipulated, nor for 1939, demand was made for possession, followed by suit in unlawful detainer, which was pending when this suit was filed, and a temporary injunction issued against the prosecution of same.

Complainant, as a witness, denied the amount of indebtedness stipulated in the mortgages, denied the execution and acknowledgment of the mortgage and deed to respondent, testified to her infancy at the time, that she was a married woman living with her husband, and so under disability to execute a deed, etc. She denied holding other than as owner. Her evidence is unsatisfactory. She claims to have been born in 1905, married in 1918. But the deed from her grandmother in 1914, was to Cornelia B. Ricks, the name acquired by first marriage. A divorce decree in 1911, has the exact names of herself and husband. If there were two couples of such names, it seems more satisfactory proof could have been produced. Her testimony must be considered as a whole in the light of the other evidence in the record.

Whether respondent still holds as mortgagee, and his title should have been so decreed, leaving open to complainant an equity of redemption, is a question not insisted upon. Crediting rents and other sums received, on the mortgage indebtedness, it appears the unpaid indebtedness exceeds the value of the property.

Affirmed.

GARDNER, C. J., FOSTER, and LIVINGSTON, JJ., concur.